Mr. Chief Justice ShaRKEy
delivered the opinion of the court.
The plaintiff instituted this suit by attachment against the Steamboat Baton Rouge, (not knowing the name of the master or owner) according to the statute, for damage to three boxes of merchandise, which had been shipped on the boat at New Orleans, directed to the plaintiff at Natchez. The goods, it seems, were originally shipped from New York, and re-shipped at New Orleans. The deposition of the commission merchant *722 who re-shipped the goods, was taken by the plaintiff, bnt ruled out on the trial, and, after verdict for defendant, the plaintiff moved for a new trial, first, because an application for a con» tinuance had been refused, and second, because the deposition was improperly excluded.
An application for a continuance is addressed to the discretion of the court, and if it be refused, cannot generally be assigned as error. But the plaintiff did not make a sufficient showing to entitle him to it.
It does not appear by the record on what ground the deposition of Beck was ruled out; the only light we get on this subject is from the arguments of counsel. It is admitted that a commission issued, and, in connection with this admission, the cross-interrogatories filed by the defendants, would justify a presumption that it was regularly issued. But there was an agreement entered into between the counsel for plaintiff and defendant, which imposed conditions that have not, as it is said, been complied with. By this agreement the counsel of both parties consented that a commission might issue forthwith, without affidavit, and that one day’s notice should be given of the time and place of taking the deposition, to Thomas R. Lee & Co. No. 7, Magazine street, New Orleans. This notice was given to the firm of Henry R. Lee & Co. and one of the firm attended the taking of the deposition. As cross-interrogatories ■had been filed, we see no motive which could have induced the insertion of this condition, unless the firm mentioned had ait interest in the suit. If so it was competent for their counsel to make this provision in their favor. The notice, however, was not given to Thomas R. Lee & Co., but to Henry R. Lee & Co. No doubt proof might have been introduced to show that the latter firm was intended ; that would have left the deposition unobjectionable in this particular. But we cannot know that the notice was required to be given to Henry R. Lee & Co.; there may be a firm in New Orleans under the name of Thomas R. Lee & Co.
But the judgment in this case maybe placed on a ground less questionable. It comes up by bill of exceptions, taken under *723 the statute to the decision of the court, in overruling a motion for a new trial. In such cases the judgment may be reversed, because of the improper ruling of the court below, or because the evidence greatly preponderates against the finding of the jury. To enable us, therefore, to decide properly, the evidence, or the substance of the evidence, ought to be set out in the bill of exceptions, otherwise it is defective. Terry v. Robins, 5 S. & M. 291. In cases brought up in this way, a new trial will not be granted unless it is clear that justice has not been done in the court below. Leflore v. Justice, 1 S. & M. 381; or when it appears that the jury found according to the weight of evidence. Jenkins v. Whitehead, Ibid. 157; or where there is little reason to suppose that a different result would ensue on another trial. Barrenger v. Nesbet, Ibid. 22. The suit is for damage done to the boxes of merchandise, either by the abstraction of part of the goods, or for permitting them to be injured on the passage. This is manifest from the declaration, and from the deposition of Beck. The record contains no proof of the condition of the goods when received. The only evidence set out in the bill of exceptions, is the rejected deposition. Suppose it had been received, would it have produced a different result? It proves nothing, except that six boxes of merchandise were shipped on the Baton Rouge to defendant, at Natchez. It says nothing of the kind or value of the merchandise. How was it possible for this evidence to have justified a verdict for the plaintiff for the amount claimed, or indeed for any amount? There was probably other evidence before the jury, but it is not before us. We must try the verdict by the evidence which is set out in the record, aud even if the deposition had been admitted, we do not see -how it could have changed the result.
Judgment affirmed.
Thachek, J. having been of counsel below, gave no opinion.